[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION "TO REOPEN ARREARAGE ON SUPPORT" AND "FOR MODIFICATION"
From the evidence produced on the defendant's motions, the court finds that he has overpaid on his child support obligation the amount of $1,490.00 as of May 15, 1991. The amount of the overpayment, as found by the court, has been taken from the records of the Support Enforcement Bureau. The defendant's contention was that the overpayment was in a greater amount. No credible evidence, however, was introduced to support this contention.
Apparently the difficulty with the case began with an order of Judge Santos in May of 1988 that any child support subsequently determined should be made retroactive to February 1, 1988. The first monetary order was that of Judge Healey in the amount of $50.00 per week entered on July 5, 1988 and made retroactive to February 1, 1988. Judge Healey's order was modified upward to $125.00 per week by Judge Gordon on June 28, 1989. The modification was also made retroactive. Records have been kept by the Support Enforcement Bureau since Judge Healey's order since it was that order that brought forth payments. The Bureau, however, has credited the defendant for all amounts which have been supported by an indicia of payment. For example, the Bureau included a $1,000.00 payment in its credits upon ascertaining from the Wolcott Police Department that a canceled check payable to the plaintiff was among the records of the defendant that were seized in connection with a pending criminal case.
The defendant was given the opportunity to produce evidence of a greater number of payments than indicated on the records of the Support Enforcement Bureau. The court offered to subpoena the Wolcott Police if the defendant thought it would be of benefit to him. It appears that in several occasions contempt proceedings had to be initiated against the defendant. And the court refuses to infer, as suggested by the defendant, that purging oneself from contempt automatically means that delinquent support obligations have been brought up to date. Moreover, the defendant was extremely selective in his choice of purged contempt proceedings.
The present support obligation is $125.00 per week. For all payments that become due subsequent to November 15, 1991, the sum of $25.00 shall be deducted from the amount of the defendant's overpayment of $1,490.00. This means that the defendant shall pay $100.00 per week until the Support Enforcement Bureau notifies him CT Page 9432 that the overpayment has been used up.
BARNETT, J.